# In the United States Court of Federal Claims

No. 19-496C

(E-Filed: May 6, 2021)

|  |  |  |
|---|---|---|
| ACADIANA MANAGEMENT GROUP, LLC, <u>et al.</u>, | ) ) ) ) | |
| Plaintiffs, | ) ) | Motion to Reconsider; RCFC |
| v. | ) ) ) | 59; Motion to Amend after Judgment; RCFC 15(a). |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |

<u>Bradley L. Drell</u>, Alexandria, LA, for plaintiff.  <u>Heather M. Mathews</u>, <u>Chelsea M. Tanner</u>, and <u>August Rantz, IV</u>, of counsel.

<u>Shari A. Rose</u>, Senior Trial Counsel, with whom were <u>Brian M. Boynton</u>, Acting Assistant Attorney General, <u>Robert E. Kirschman, Jr.</u>, Director, and <u>Claudia Burke</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION

CAMPBELL-SMITH, Judge.

Before the court is plaintiffs' motion to reconsider and alter or amend pursuant to Rule 59 of the Rules of the United States Court of Federal Claims (RCFC) and for leave to amend their complaint pursuant to RCFC 15(a)(2).  <u>See</u> ECF No. 45 (motion); ECF No. 46 (memorandum in support of motion).  Plaintiffs filed their motion on December 17, 2020, <u>see</u> ECF No. 45, and defendant filed its response on February 4, 2021, <u>see</u> ECF No. 50.  Plaintiffs filed a reply on February 11, 2021.  <u>See</u> ECF No. 51.

Briefing is now complete and the motion is ripe for decision.[1]  The court has considered all of the parties' arguments and addresses the issues that are pertinent to the court's ruling in this opinion.  For the reasons set forth below, plaintiffs' motion to reconsider and for leave to amend is **DENIED**.

I.      Background

Plaintiffs filed their complaint in this court on April 3, 2019, alleging that the fees they paid during their Chapter 11 bankruptcy proceedings were higher than they would have been had plaintiffs filed their bankruptcies in a different jurisdiction, thus making the bankruptcy system non-uniform in violation of the United States Constitution.  See ECF No. 1 at 3.

Defendant moved in late 2019 to dismiss plaintiffs' complaint for lack of jurisdiction and, in the alternative, for failure to state a claim.  See ECF No. 18 (motion to dismiss).  The court granted the motion, holding that "[b]ecause plaintiff[s] ha[ve] not— and cannot—plead that the increased fees authorized by the amendment to § 1930 violated 'the Constitution, a statute, or a regulation,' plaintiffs cannot state an illegal exaction claim upon which relief can be granted."  ECF No. 42 at 13 (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1007 (Ct. Cl. 1967)).

II.     Legal Standards

Rule 59(a) governs a motion for reconsideration.  The rule provides that rehearing or reconsideration may be granted:  "(A) for any reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).  Thus, the court, "in its discretion, 'may grant a motion for reconsideration when there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice.'"  Biery v. United States, 818 F.3d

---

[1]      On April 13, 2021, plaintiffs moved for leave to file a supplemental brief in support of their motion.  See ECF No. 52.  Defendant filed a response in opposition to plaintiffs' motion on April 27, 2021, see ECF No. 53, and plaintiffs filed a reply on May 3, 2021, see ECF No. 54. Plaintiffs seek leave to file a brief drawing the court's attention to a recent decision of the United States District Court for Central District of California, USA Sales, Inc. v. Office of the United States Trustee, No. 5:19-cv-02133, 2021 WL 1226369 (C.D. Cal. Apr. 1, 2021), which included plaintiffs "in the same exact legal and factual position" as plaintiffs in this case.  ECF No. 52 at 2.  For good cause, plaintiffs' motion is **GRANTED**.  The court has considered the identified caselaw, which is not controlling, and finds that it neither supports nor detracts from plaintiffs' motion and is, thus, unpersuasive.

704, 711 (Fed. Cir.), cert. denied, 137 S. Ct. 389 (2016) (quoting <u>Young v. United States</u>, 94 Fed. Cl. 671, 674 (2010)).

Rule 59(e) allows a party to file "[a] motion to alter or amend a judgment . . . no later than 28 days after the entry of the judgment."  A motion seeking "'a substantive change in the judgment'"—that is "'a revision which disturbs or revises legal rights and obligations that were settled by the previous judgment'"—will be considered an RCFC 59(e) motion.  <u>Johnson v. United States</u>, 127 Fed. Cl. 661, 663 (2016) (quoting <u>Maxus Energy Corp. & Subsidiaries v. United States</u>, 31 F.3d 1135, 1139 (Fed. Cir. 1994); <u>N. States Power Co. v. United States</u>, 79 Fed. Cl. 748, 749 (2007)).  The standard for applying RCFC 59(e) is the same as that for RCFC 59(a):  the court will grant such a motion under "extraordinary circumstances," including: "(1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."  <u>IAP Worldwide Servs., Inc. v. United States</u>, 141 Fed. Cl. 788, 801 (2019) (internal citations omitted); <u>see also</u> <u>Ajinomoto Co., Inc. v. Archer-Daniels-Midland Co.</u>, 228 F.3d 1338, 1350 (Fed. Cir. 2000) (discussing the correlative Federal Rule of Civil Procedure and applicable standard).

Rule 15(a) governs a motion for leave to amend a complaint, which requires that leave to amend be "freely given when justice so requires."  RCFC 15(a)(2).  Where an amendment after judgment has issued would do "no more than state an alternative theory for recovery," and where "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief . . . . the leave sought should, as the rules require, be 'freely given.'"  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Such leave, however, must be given only in the absence of an "apparent or declared reason" to refuse it, such as futility of amendment.  <u>See</u> <u>id.</u>

III.   Analysis

In their motion, plaintiffs argue that the court should alter or amend its opinion to permit plaintiffs to "set forth an alternative theory of law," ECF No. 46 at 6, in an amended complaint—namely that the "dichotomous [United States Trustee Program (USTP)] and [Bankruptcy Administrator Program (BAP)] systems [are] unconstitutional," ECF No. 45 at 2.  Plaintiffs contend that the court's opinion "is internally inconsistent" in its treatment of plaintiffs' "direct attack in original briefing on the systemic underpinnings which have yielded the present harm."  ECF No. 51 at 1.  Specifically, according to plaintiffs, the court "correctly recognized" that the two bankruptcy systems caused the purported non-uniformity in the fees, but also concluded that plaintiffs were not asking the court to find the division of the bankruptcy program unconstitutional.  <u>Id.</u> at 2.  Plaintiffs therefore conclude that the court should permit them to file an amended complaint clarifying their claim that the dual system is unconstitutional.  <u>Id.</u> at 2-3.

3

Defendant responds that plaintiffs have not demonstrated that reconsideration is warranted, instead they merely conceded that "their sole basis for seeking reconsideration is that they wish to raise a new legal theory attacking the validity of a statute enacted in 2000." ECF No. 50 at 1. Defendant argues that this "falls far short of the required showing of extraordinary circumstances that justify relief." Id. at 2. Further, according to defendant, Congress recently "confirmed in legislative text" its intention that the fees in the bankruptcy programs be uniform, and, given this confirmation, "there is no basis for reconsideration." Id. at 6.

The court agrees with defendant that plaintiffs have not demonstrated that reconsideration is appropriate in this case. In the court's view, plaintiffs' request for reconsideration is in title only—plaintiffs make no attempt to argue or support their position that the court's opinion should be reconsidered. See generally ECF No. 45; ECF No. 46; ECF No. 51. In their reply, plaintiffs reference RCFC 59(e) and argue that the court's dismissal of their complaint with prejudice was "particularly improper" because the court so concluded only after "setting aside the underlying dichotomy—which this Court views as an alternative legal theory—and does not adequately explain the dismissal with prejudice."[2] ECF No. 51 at 4-5. Plaintiffs, however, articulate no "intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice'" in their motion. Biery, 818 F.3d at 711; IAP Worldwide Servs., 141 Fed. Cl. at 801. Instead, plaintiffs focus on their request for leave to amend their complaint and rely on Foman v. Davis and the standard applicable to requests for leave to file an amended complaint pursuant to RCFC 15(a)(2), to argue that the court should "freely grant" them leave to amend their complaint. See ECF No. 46 at 3-4 (citing Foman, 371 U.S. at 182; Savantage Fin. Servs., Inc. v. United States, 119 Fed. Cl. 247, 250 (2014)).

In Foman, the Supreme Court of the United States held that where an amendment after judgment has issued would do "no more than state an alternative theory for recovery," and where "the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief . . . . the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182. The Court went on to clarify that such leave must be given in the absence of an "apparent or declared reason" to refuse it, such as futility of amendment. See id. As defendant points out, the United States Court of Appeals for the Federal Circuit has not addressed Foman and the applicable standard for post-judgment motions to amend pleadings. See ECF No. 50 at 4. Therefore, even in the absence of a demonstrated reason to grant reconsideration under either RCFC 59(a) or (e), and although "an argument made for the first time in a motion for reconsideration comes too late, and is ordinarily deemed waived," Bluebonnet Savings Bank, F.S.B. v.

---

[2]     Contrary to plaintiffs' assertions, the court did not conclude in its opinion that the existence of the dual bankruptcy system was an alternative legal theory, it merely noted that plaintiffs did not ask the court to find that system unconstitutional. See ECF No. 42 at 13 n.6.

United States, 466 F.3d 1349, 1361 (Fed. Cir. 2006), the court will proceed with the analysis set forth in Foman and determine whether amendment is appropriate here.

In its opinion dismissing plaintiffs' complaint, the court set forth in detail the reasons that plaintiffs could not state the illegal exaction claims alleged in their complaint.  See ECF No. 42 at 10-13.  As discussed above, plaintiffs have not articulated any "extraordinary circumstance" that would support the court's reconsideration of that decision.  Biery, 818 F.3d at 711; IAP Worldwide Servs., 141 Fed. Cl. at 801.  Thus, to the extent plaintiffs sought reconsideration pursuant to RCFC 59, that motion is denied. The court, therefore, will evaluate under Foman whether it would be appropriate for plaintiffs to amend their complaint to bring the sole claim that the dual USTP and BAP bankruptcy system is unconstitutional.  See ECF No. 45 at 2 (requesting leave to add such a claim); ECF No. 45-1 at 3-4, 7-8, 12-15 (proposed amended complaint adding claim).

In the court's view, plaintiffs' amendment would be futile and leave to amend should thus be denied.  See, e.g., Jackson v. United States, 664 F. App'x 922, 925 (Fed. Cir. 2016) ("[B]ecause the claims were . . . outside the Claims Court's jurisdiction . . ., any amendments would have been futile."); see also Chapman v. United States, 130 Fed. Cl. 216, 219 (2017) (collecting cases regarding futility of amendments).  Such a claim as plaintiffs seek to bring—that is, a facial challenge seeking to invalidate the bankruptcy laws permitting bankruptcy jurisdictions in Alabama and North Carolina to remain outside of the USTP as unconstitutional—is not viable in this court.  This court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), does not extend to such broad constitutional claims.  See Hamlet v. United States, 63 F.3d 1097, 1107 (Fed. Cir. 1995) ("[C]onstitutional claims 'standing alone,' i.e., without an underlying statutory or regulatory right to recovery, 'cannot be interpreted to command the payment of money,' and therefore cannot support the Court of Federal Claims' jurisdiction.") (quoting United States v. Connolly, 716 F.2d 882, 886-87 (Fed. Cir. 1983) (en banc)).  Rather, a case coming before this court must involve a "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort," and the substantive law forming the basis of the claim must be money mandating.  28 U.S.C. § 1491(a)(1); see also LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) ("This statute confers jurisdiction . . . when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages.") (citing United States v. Testan, 424 U.S. 392, 398 (1976)).

Because plaintiffs' facial challenge to the constitutionality of the bankruptcy system falls outside this court's jurisdiction, amendment to add such a claim would be futile.  Plaintiffs' motion to amend is therefore denied.

IV.     Conclusion

Accordingly, for the foregoing reasons:

(1)     Plaintiffs' motion for leave to file a supplemental brief in support of its motion for reconsideration, ECF No. 52, is **GRANTED**;

(2)     For docket clarity, on or before **May 12, 2021**, plaintiffs are directed to **FILE** their **supplemental brief**, ECF No. 52-1, as a separate entry on the docket in this matter; and

(3)     Plaintiffs' motion for reconsideration and for leave to amend their complaint, ECF No. 45, is **DENIED**.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith
PATRICIA E. CAMPBELL-SMITH
Judge